IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Board of Trustees for the School District of Kershaw County, by its duly authorized designee, Timothy L. Hopkins, <br><br> Plaintiff, <br> vs. <br><br> Noble Bilal Faheem Salahuddin Bey, Custodial Parent/ Fiduciary of Minors J.D. and J.S., <br><br> Defendant. | C/A No.: 3:25-13406-JDA-SVH <br><br><br><br> REPORT AND RECOMMENDATION |

This matter comes before the court on Defendant's filing titled "Affidavit of Fact, Support of Federal Removal / Opposition to State Truancy Petition, In re: Petition Nos. 2025-JU-28-090." [ECF No. 1]. It lists "Board of Trustees for the School District of Kershaw County, by its duly authorized designee, Timothy L. Hopkins" as Plaintiff. *Id.* For the following reasons, the undersigned recommends this matter be remanded to Kershaw County.

I. Discussion

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Defendant's attempt to remove a state court action to

this court is improper because it could not have been originally filed in this court. Truancy proceedings are matters strictly reserved to state courts. *See* S.C. Code Ann. § 59-65-50 (requiring the school board or its designee to report non-attendance to court having jurisdiction of juveniles).

Although it appears Defendant is alleging constitutional violations as counterclaims or defenses, a defense or counterclaim fails to provide a viable jurisdictional basis for the removal of a state court action. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 & n.2 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedent" by allowing "a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim."); *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) ("In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . [A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."); *Franchise Tax Bd. of California v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 14 (1983). ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense.").

Therefore, this matter is subject to remand.

II.     Conclusion and Recommendation

For these reasons, the undersigned recommends this matter be remanded to Kershaw County for lack of subject matter jurisdiction. [1]

IT IS SO RECOMMENDED.

November 20, 2025                                      Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] The undersigned notes that *Younger* abstention would also bar Defendant's request for injunctive relief in this case, such as a request for dismissal of the truancy petitions. *See Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).